Case No. 13-0292, Suffolk v. Mahmoudgar v. House of Spices If both attorneys that are going to be presenting argument would step up and identify yourselves for the record, please. Good morning, Your Honor. Matt Lehman, L-A-Y-M-A-N, on behalf of the appellant, Subodd v. Mahmoudgar. Good morning. David Bafa, on behalf of the appellee, House of Spices. All right, each side will have approximately 15 minutes to present arguments. And from that, Mr. Lehman, you may save out some time for rebuttal. Five minutes on rebuttal, Your Honor. Thanks. May I please report, counsel? Good morning. This is a partial appeal from a final judgment, a finding for Mr. Mahmoudgar on his claim for breach of contract at trial, but denying his claim under the Illinois Wage Payment Collection Act. Our position is that Mr. Mahmoudgar is entitled to judgment in his favor on his claim under the Wage Payment Collection Act because a valid and enforceable employment contract was wrongfully breached by his employer. On June 25, 2012, after trial, the circuit court held, or after judgment, the circuit court held that Mr. Mahmoudgar had a fully enforceable written five-year employment contract. The contract was breached by the defendant when it terminated Mr. Mahmoudgar without cause on November 30, 2007. You mean this one-page contract? It was a one-page, and this took four years, Your Honor, it was a one-page written contract. Who wrote this? It was written, I believe, by the parties who are not native English speakers to begin with. So there was some confusion. But the circuit court found that the plaintiff was entitled to $173,000 in unpaid wages under the contract, but we would incorrectly deny his claim under the Wage Payment Collection Act. Was there a request under the statute for the attorney fees before the complaint was filed? No, Your Honor. In fact, that was removed from the statute, the necessity of requesting those fees. In fact, we may have. When was it removed? The statute, I believe, was amended in 2010, and I believe there may have been a request for attorney's fees prior to initiating. But did you make a demand just in terms of his final compensation? I believe so, Your Honor. All right. And what was that demand? You know, I don't recall if this would have been prior to initiating litigation. It would have been a letter to counsel. At that time, it was Jason Torres, another attorney from Safer Shaw. They went through a few different changes. But I believe that a request for final wages was submitted to the defense. And that was for the remaining amount of the contract? I mean, I know you don't know, but. At the time, I can't say, Your Honor. I honestly can't say at this point. I don't have it in front of me, and I apologize. We believe that the question here is whether the Illinois Wage Payment Collection Act applies to wages found due and owing to a party pursuing to be a valid employment contract. Now. Well, are those normally considered wages if you sue on the breach? Is that normally considered wages owed, or is it damages for the breach? What's the court attempting to do when it gives back the money owed on a contract? Is it giving wages, or is it actually providing damages? In this case, the parties contracted for a salary, a yearly salary. Those are wages. And based on a clean record of the Wage Payment Collection Act, we believe that Mr. Mashbedar is entitled to the attorney's fees and the interest that would have accrued on those wages. Now, had this been a contract between two businesses, no, it wouldn't apply whatsoever. But what these two parties contracted for were wages and salaries. The plain reading of the statute states that for all employees other than separate employees, wages. Would it be a fair way to describe these monies owed under a contract as unpaid future wages? I mean, doesn't wage have a specific meaning? Your Honor, if you look at the statute, which. It's not defined in the statute, is it? It is defined in the statute. Wages shall be defined as any compensation owed an employee by an employer pursuant. Owed. Owed. Pursuant to an employment contract or agreement between the two parties, whether the amount is determined on a time, task, piece, or any other basis of calculation. The parties in this matter. Now, does owed have any kind of meaning? When the court found that there was a valid and enforceable employment contract and that the defendant owed him the wages for breaching that contract, we believe that it falls within the purview of the statute. So did the court here find that your client was owed wages? Owed $173,000. Actually, it ended up being $179,600. But at the same time he said that they weren't wages because it didn't. The statute for the attorney fees didn't apply. Well, no, to be fair, the circuit court said that they were unclear as to the application and were waiting for appellate direction. What about courts from other states? Have they wrestled with this question? Your Honor, the best that we could find was the Northern District of Illinois. The federal court in this, in several cases, has agreed. Anderson v. Illinois Bell Telephone Company. Shield v. Associated Value. In Bell? Yes. Now that woman wasn't terminated until I think she stopped working in December or maybe before that. But she wasn't actually terminated until the following July or something. And what she was actually seeking were the wages during the period when she hadn't been terminated. Isn't that what Bell's about? That may be correct, Your Honor. However, it was, the defendant argued that they were unearned. She had not performed any duty or had not performed any work for those wages during the time period.  I believe that was on summary judgment, Your Honor. Well, one is a motion to dismiss and one is a summary judgment. The two federal district court cases. There were three, actually, now. Another one, Hopi v. Box. Oh, yes. And Shield v. Associated Value Buyers. And all three of them seemed to agree or agreed with the appellant's argument in this case that the Wage Payment Collection Act, under a plain reading of the statute, applies to wages where no services had been rendered. Okay. I just want to go back to owed. Does that have any particular meaning? I mean, if you take it just from the dictionary, it does have a specific meaning, doesn't it? I think that when you contract for wages and a party wrongfully breaches, those wages become due and owing immediately. I mean, that's the basis for contract law in this case. But the contract said I'll pay you bimonthly. So wouldn't it be I would have to pay him bimonthly as the compensation accrued? That would be a different scenario, I think. In this case, where there is a wrongful breach of the contract, those wages become due and owing. They are owed wages at that point. For the entire contract term. I believe so, Your Honor. And then the court finds that it's not. I'm sorry? And the court found that it was not owed for the entire contract because your client didn't mitigate the damages. Well, for part of it. We're not actually seeking extra damages. We're not seeking additional wages. Contrary to what the defendant has asserted, we are not seeking additional wages. We are only seeking the attorney's fees and penalties. And here was my thinking on this. Why is it that an employee is penalized for an employer's breach of an employment contract? He's going to expend money on hiring an attorney. He's going to expend costs. And he's going to lose the benefit of those wages as he would have earned them. Well, there's a dispute here, isn't there? What was the employer supposed to pay your client? Under your theory, he should have paid this money two weeks after he left. Isn't that right? And that amount would be the full amount? I believe it was actually 21 days. I think he falls under the definition of an executive under the Federal Fair Labor Standards Act. However, it would have been within 21 days. He would have been entitled to those wages within 21 days. What happens in the situation where there's a dispute? What if the court had found that he was terminated for cause? Then he wouldn't have been able to collect under the contract or under the Illinois Wage Payment Collection Act. That would have happened long after the 21 days had passed. So is your position that the employer within 21 days has to pay the balance of the contract, and then when the court ultimately determines that the termination was for cause, he has to go get it back? Is that what you think the intent of the statute is? I believe it is. Again, I ask why an employee who is terminated without cause and wrongfully should be made to suffer for that termination. I think that what the Wage Payment Collection Act is a tool to make whole an employee that has been wronged by his employer because a simple breach of contract action doesn't do it. He loses out on his attorney's fees. He loses out on his- Well, in a contract action, though, you agree the American rule is that we don't give attorney's fees for wrongful breaches of contract. I agree. True? Absolutely. So that's not anything surprising here. No, it's not. But I think that this statute, and if you look at all the articles that have come down on the statute, the large employment defense firms are running scared from it because they recognize what it does. It gives- Well, going back to my earlier question, as far as other states, did you find any other states that have dealt with this question about whether or not unpaid future wages fit within the definition or the intent of- We didn't. Okay. Well, there are a few out there, but I just thought- In fact, I called, I spoke with several other attorneys who had gone through, within Illinois had gone through a similar situation. However, what had happened when they threatened the appeal or filed the appeal, generally the defendant settled before it reached any sort of argument or hearing. Was the $173,000 the total amount that you requested under the contract? It wasn't. Our client, upon reaching, I believe, the age of 65, became entitled to Social Security. He also had failing health and more or less stopped looking for employment at that point. So there was a reduction in the amount based on the failure- Based on his failure to mitigate. Well, let me ask you a question. How would that be determined within 21 days? I mean, under your theory, the act requires that the employer pay the total contract amount within 21 days, but the judge has said that your client is not entitled to that total amount. If the act intended for a payment within 21 days for future earnings pursuant to the contract, as you posit here, then doesn't that do away with the obligation to mitigate damages? I mean, how would you expect House of Spices to calculate that figure within 21 days? Is House of Spices going to say, well, we don't expect that you're going to mitigate damages, and so we're going to reduce that to $173,000? I mean, I know that's a long-winded question, but doesn't the fact that the ultimate amount was less than you asked for, doesn't that mitigate against the argument that when there's a dispute, it doesn't matter that there's a dispute, you have to go ahead and pay within 21 days? Again, Your Honor, all I can do is look to the plain language of the statute. The plain language of the statute envisions that when you leave a company, you're a separated employee, that you should be given all the wages that you had accumulated to that day. That's what it envisions because it puts it into a date certain. Now, you are taking away this idea of mitigation of damages, but at the same time, if you look at all of the provisions, how is anyone supposed to be able to calculate what's owed for future unearned wages under your theory? Your Honor, when Mr. Majmdar left, well, when he was terminated, wrongfully terminated by House of Spices, he was owed, I believe, approximately, there was approximately three years left on his contract. The amount of damages would have been the wages he was owed at the time he was terminated. I mean, can you honestly say that what he had made or earned up to that point is the same as what would be due as unpaid future wages under a contract? Can you say that that's what the statute envisions? I believe so, Your Honor. Point us to some language when we have to acknowledge that there's a timeframe, and the timeframe suggests that you get paid two weeks after you have earned some wages. Your Honor, nothing requires a defendant or an employee or an employer to contract for wages. In this case, they did. And I also would look at, I would have the Court look at the 1984 amendment to the statute, which specifically removed the language suggesting that it needed to be earned compensation. But the language simply says that it adds that this includes monies owed under a contract. What's the language? The language as of right now? No, the change that occurred some 30 years ago. In 1984, the legislature removed the term compensation for labor or services rendered. The statute as it reads now says that wages shall be defined as any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties, whether the amount is determined on a time, task, piece, or any other basis of calculation. I agree with you that it is a very broad statute. But the plain language, the plain reading of the statute suggests that, and in this case they specifically say employment contract. It's the defendant's fault for getting itself into a contract where it didn't fully realize the consequences of breaching it. Was there any amounts owed at the day of termination outside of the future wages? I don't believe so, Your Honor. And what was the $6,300 car allowance? That was a miscalculation during the course of trial. They calculated 173,000 damages. However, in going over the record in the trial, our client testified to additional wages he was owed for, I believe, a car allowance that the court overlooked in calculating the damages award, which they did award on the post-trial motion. And I would also ask the court to look at the fact that in 820 ILCS 115-2, the legislature specifically adds certain areas where it says earned bonuses, the monetary equivalent of earned vacation and earned holidays. Now, that, we believe, is different from the fact they didn't put earned wages or earned salaries. They specifically carved out areas wherein the employer had to earn or the employee had to earn certain wages in order to be able to collect them under the Wage Payment Collection Act. However, the 1984 amendment completely removed the term compensation for services or labor rendered. Now, I agree with Your Honors that 21 days seems like a short amount of time in which to determine the final amount owed on a contract that has been wrongfully breached, but we think that this is a tool to not only keep employers  and to allow an employee to be made whole at the end of a foreign employer's wrongful breach. Now, the defendant, I'd like to touch on their arguments very briefly, argues that the application of the Wage Payment Collection Act would produce an absurd result, that the collection of unearned wages pursuant to a valid enforceable contract for someone who is terminated wrongfully would become due immediately, whereas someone who continues to work for the next five years only gets to collect them on whatever pay schedule they have set up. But that is the basis for contract law. You're responsible for the contracts that you enter into. Nobody else is. And if you get into a bad deal, well, the Wage Payment Collection Act only serves to either, A, keep you from breaching that contract, or, B, penalize you for doing so. It shouldn't be on the shoulders of the employee where the employer has created the breach. Here, the statute is plain and unambiguous. The defendant breached a valid enforceable employment contract. The court found that he was owed $173,000 in wages. And as such, we believe that Mr. Machendar is entitled to judgment under the Illinois Wage Payment Collection Act and to seek all remedies necessary to make him whole. Again, we are not seeking additional wages under the contract. We are seeking what the court found. However, we are seeking to make him whole by allowing him to collect his reasonable attorney's fees, which have yet to be determined, and the 2% interest on the amounts unpaid. We would ask that the court reverse the judgment on the plaintiff's Wage Payment Collection Act claim and reward and remain with instructions to recalculate his damages and to leave to seek his reasonable attorney's fees. Thank you. Mr. Bafa. Thank you, Honors. The Illinois Wage Payment Collection Act is Illinois' version of a wage theft statute. It imposes civil and criminal penalties, as well as shifting attorney's fees and the 2% interest when an employer fails to pay wages earned or owed on a timely basis. Everything in the statute has only to do with making sure that an employer timely pays for the work it receives. The act has nothing to do with broken promises for future services or prospective future unearned wages. That kind of claim is a breach of contract claim. Did the court here find that the plaintiff was owed wages? Well, the court found damages in the form of the breach of the contract. It's true that the primary measure of those damages is wages, which for tax purposes it's treated as wages. It has to be. The IRS insists that the gross amount of those damages has to be less applicable payroll deductions for IRS purposes. Things like a car coupon, benefit entitlement, had there been any, those things may not have been taxable but have received a different treatment. The treatment of the damages essentially is as if, you know, for tax purposes it's treated as wages. But it's still damages for breach of contract theory, not wages for purposes of the Illinois Wage Act. Let me ask you this. Under his theory, let's say he's terminated wrongfully, and it's his theory then that within 13 days or 21 days the House of Spice was to give him the future wages under the contract. Now, does that mean that if he starts to work somewhere again that should he not be working then for the next three or four years so that he isn't mitigating his damages? You see what I'm getting at? What do we do in that case? Does the employer go back to court and then sue for the amount of money he was able to make when he was gainfully employed? I'm with you, Your Honor. I don't understand how an employer can be put in that situation. Well, the mechanics of this, I mean, I suppose the employer could calculate the amount that was remaining on the contract. But under breach of contract law and the obligation to mitigate and cover damages to gain other employment, all those things would be left to the wind or for the employer to pursue after the fact, I suppose, to monitor the employee's future employment activity to go back and seek some kind of recovery. An awful lot to expect from the Illinois Wage Payment Collection Act simply based on the definitional section of the act. The same would be true if it was ultimately determined that the termination was for cause. Yeah, I mean, the causation or wrongfulness really doesn't enter into it, actually. I mean, technically speaking, when you're talking about prospective future wages, whether it's done through malice or wrongfulness or whatever else, it's simply not applicable to the Illinois Wage Payment Collection Act. It's applicable to a breach of contract claim. Perhaps there could be some kind of wrongful termination tort associated with wrongful activity. But the Illinois Wage Payment Collection Act does not concern itself with intent or fault or causation. It simply was the work performed. Is it owed? And if it's owed, you pay it. In this situation, it's not owed on the final day of employment if it's prospective future wages. So there's no Illinois Wage Payment Act violation. Now, as you pointed out, the rule in Illinois, indeed the American rule, is in a breach of contract situation. There's no shifting of attorney's fees. There's also no punitive damages, right? And then to my point about willfulness. Well, what about counsel's suggestion about the change to the definition of wages? Yeah, I mean. They removed compensation for labor or services rendered. Yeah, let me talk about that. That change, indeed, hangs this entire argument on the change to that definitional section of the act. There's no legislative history or discussion around that change that we could find. There has been no case, as you point out, in Illinois in the 29 years since that change that stands for the proposition that it would become an automatic violation. That's what he's seeking here, an automatic violation of the Illinois Wage Payment Collection Act any time there is a breach of an employment contract for a fixed duration. That's essentially the result the plaintiff advocates for. But that definitional section, what we can piece together through analysis of the statute and subsequent case law are a couple of things. One is the change is consistent with the fact that wages in Illinois are treated very broadly. Wages include things like vacation pay, bonuses, agreements to pay severance pay. And the reference in that definition that wages are established through contractor agreement, that's meant to sweep in things like severance plan, bonus plans, handbooks, policies, things that may not rise to the level of a contract but may simply be something that a way that an employee learns of his or her total remuneration package when they commence work. And as you point out, the operative sections of the statute, which is what controls here, only associates the word earned or owed with the word wages. Let me say that again. In this way, the striking of that language was really duplicative because everywhere the word wages or compensation appears in the operative sections of the act, it's preceded or immediately followed by the word earned or owed. Section three of the act dictates that employees must be paid wages earned. Section four describes the number of days within which wages earned must be paid following the end of the pay period. Wages earned, again. Section five requires. So that language was never removed from the statute. In the definition section, the definition of wages was broadened way out so that it's not, let's face it, it's not just about your base pay or your hourly rate. It could be about an agreement to enter into a severance arrangement or a commission plan or a bonus plan. It could be all kinds of things. Vacation pay. In Illinois, Illinois is unusual among states in that it recognizes even accrued vacation pay that one isn't able to use, but they've accrued the rights to it. That's a form of wages in Illinois under this statute. But it all has to do with the time you've worked for the employer in the calculation of those wages. Because the key under section five is under final compensation when an employee leaves for whatever reason. They must pay, as you pointed out, final compensation owed. Owed is the key. Owed in full at the time of separation. The penalty provision, section 14, that's the provision that provides for civil criminal penalties, attorneys' fees, interest. It discusses those penalties and such only applying for those employees, and I quote, not timely paid final compensation or wages. These substantive operative parts of the statute, that's what controls the outcome of this case, not the definition section. Those operative parts of the statute also evidence what the court has pointed out, the overall intent of the act, the timely payment of wages, not breach of contract situations. It would have been easy for the legislature to apply the act to prospective future wages. It didn't do that. And the federal cases, the two federal cases, perhaps three that the plaintiffs cite, they simply got it wrong. They were at the motion to dismiss phase. I'd point out that the judge in our case below also did not dismiss on our motion to dismiss to get rid of the Illinois Wage Payment Act early. He waited until trial. The fact is, though, those federal decisions got it wrong. And they're not binding on this court, as you know. No Illinois court has ever suggested that the Wage Payment Collection Act should be applied to future prospective wages. And there's good reason for that. As the court pointed out earlier, the plaintiff's desired reading of the statute would put employers in an impossible situation and it would create absurd results. His reading would make a violation of the act automatic any time there's a breach of an employment contract. Now, let's think about that. That would include a breach of an implied employment contract. If an employee is able to establish through a handbook or an offer letter an implied duration of employment, then automatically that employer would be liable not just for the breach of contract damages, payable and taxable as wages, but for the plaintiff's attorney's fees. The liability would be impossible to escape because the amounts owed would be impossible to calculate. As Justice Palmer pointed out, it would be impossible to know this employer would have required the employer to pay out the remainder of the contract term, nearly four years, about three years and ten months, if in 21 days of the plaintiff's termination, when in fact this plaintiff only received two years of compensation under that same contract, requiring, I guess, the employer to chase him down for those extra two years. And counsel mentioned our example in our brief with two employees with a five year contract, but that is in fact the problem here. If you had two employees with a five year contract. Well, did the court here in this case ever find in any of its language after this trial, did the trial judge ever find that he was awarding compensation because it had been denied under the act or did he indicate he was awarding damages for breach of a contract? Absolutely the latter, Your Honor. He awarded damages for breach of the contract under the breach of contract theory only. And, you know, counsel keeps referring to this wrongful breach, but there's no finding of any wrongful breach. Again, I would suggest to the court that wrongfulness or malice is not a fact. It doesn't matter. It has only to do with prospective wages. But imagine the same scenario, two employees working under a five year contract. The employer decides to terminate one after one year, okay, say for whatever reason. So now within 21 days the employer must pay out the four years of compensation to this one employee, while the other employee under the five year contract has to work to get his or her remaining salary under the contract, right? Yeah, you put this in your brief here. Yeah, but imagine now that employer who feels the employee in that case had quit or repudiated the contract, as was the facts here. This employer felt that this employee had quit, threw down his keys four times, stomped out of the building, wasn't living up to what it felt was its benefit of the bargain, and so employment was terminated. In that situation this employer should have paid out four years within 21 days and only to be terminated now when we actually have gone through trial. Yes, there was a finding that the employer breached the contract, but there was also a finding that the employee failed to mitigate and was only awarded two years. There's no way that this employer could have possibly navigated or avoided this automatic violation of the Illinois Wage Payment Collection Act under the plaintiff's theory of that act. The act simply is not intended to reach breach of contract situations or broken promises, even maliciously broken promises, for future services. Under the American system in Illinois law, each side bears its fees. The parties here could have contracted in their very small, short contract for shifting attorney's fees for the prevailing party. They did not do so here. As a result, each side should bear its own fees. The plaintiff won his breach of contract claim. He received two years of damages, and the judgment was immediately paid in full. That should end this matter, and the judgment of the court below should be affirmed. If there are no further questions, thank you. Counsel? Very briefly, Your Honor. The defendants conceded that these damages were wages. They were taxed as such. Those were the only damages that were actually sought or lost wages. Now, the employer in this situation put themselves in the position of owing wages and penalties under the Wage Payment Collection Act. They did so when they wrongfully breached the employment contract. Don't any of the provisions that suggest that you have to pay within two weeks, doesn't that suggest that these are monies owed, compensation owed for something that has already been done? Your Honor, those wages, those damages, those wages were owed when they breached the employment contract. Unpaid. But you're saying unpaid future wages are the same as wages that have already been earned. They were owed at the time they signed that contract. As long as my client continued to perform, which the court found that he did, he was owed those wages. Now, had he become incapacitated or had he? So under your theory, what does the court, what is the, what's the provision for the employer to do if you say I'm owed this amount of money and it's two weeks past the termination? And then does your client get to go, if that person goes and gets employment elsewhere, is there then any mitigation of damages? The employer may be able to seek recourse for wages that. Does the act envision any of this? I don't believe so, Your Honor. It does envision the payment of future unpaid wages under a breach of contract. Yes, it does. I think that's plain from the reading of the statute that it envisions those damages. It specifically uses the word employment contract for agreement between two parties. Do you think the trial court here was awarding the sums of money because the act had been violated? Did he ever make that finding? He did not, Your Honor. In fact, if you look at the language, I think that the trial court was hesitant to do so because of a lack of appellate guidance on this subject. They're just, the situation does not appear to have arisen or come before the court before. Yes. It has come before the Northern District of Illinois on several occasions at this point, and they have all agreed with the plaintiff's position. The plain reading of the statute, which the court is required to take into account, says that our client is entitled to judgment under the Wage Payment Collection Act. I also note that the defendant in this matter is inserting language into it. He said that any time the word wages is in there, the word earn is right next to it. Well, that's not true. That's simply not true. Wages shall be defined as any compensation owed to an employer pursuant to an employment contract or agreement between two parties, whether the amount is determined on time, task, piece, or any basis of calculation. It is a very broad statute. The 21 days that the defendant was given to determine whether or was granted in which to pay the defendant, they made the calculated risk that he had quit, that he'd walked off the job. Well, that's not what was found. He was found to have been terminated in violation of his employment contract, and because they were willing to risk that, they were forced to pay, I believe it was $179,600 in unpaid wages. And we believe now we're not asking for more wages here. We're not saying that he's entitled to the remainder of his contract during the failure to mitigate. We're saying that he's entitled to his attorney's fees and the penalty associated with the wages that the court found due in owing. Doesn't your interpretation of the statute lead to an absurd result? I mean, doesn't your interpretation, or at least in this case, wouldn't your interpretation cause the employer to have to pay, in this case, two full years of salary within 21 days that the employer ultimately does not have to pay? And you're saying that this Act envisions that, how much is a year's salary here? $101,000 per year. So he's entitled to approximately, there's about three years left on the contract. So you're saying that this Act envisions that the law requires that House of Spices on separation has to give the plaintiff $202,000 that they don't owe, and that they ultimately are going to have to go get back from him? How are they going to get it back from him? No, he's not entitled to it, because ultimately he didn't mitigate damages and he got other compensation, as you've specified. So two years' salary, we were just told that two years' salary was not awarded. So what you're saying is that under this Act, House of Spices has to front two years' salary that they ultimately would have to go get back. How are they going to get it back? Your Honor, I think that that is a calculated risk that they took when they entered into an employment contract with this individual and then decided to breach it. That was on them. That is not on my client, and it's not my client's duty to. But the breach has been resolved, and damages were paid. I mean, doesn't he have the right to rely on the concept of mitigation of damages in other employment? I would agree so. That's the law, isn't it? You can contract out of that. They could easily have contracted out of mitigating the damage. But they didn't. That's the point. I agree. And what the judge did here was he took into account the factors that you folks have discussed, and he reduced the amount of the award by two years. And so what I'm asking is, isn't it an absurd result to interpret the statute such that the employer in this case would have had to front those two years and then go get it back from them? I don't think so, Your Honor. It's easy to say. Here's my reasoning behind this. The employer did not have to sign an employment contract with my client. They came after him. They sought him out, and he said, look, if you want me to work for you, I need an employment contract. They could have said, no, sorry, I don't want to do it. What they did instead was contracted him to work for five years, and they terminated him after about 17 months. Yeah, that's really not the issue. The issue isn't whether they wrongfully or improperly breached a contract. The issue is whether this statute envisions that damages for breach equal unpaid or equal wages under the statute and that the statute was created to resolve breach of contract actions. That's really the issue. I agree. And, Your Honor, the statute. And when you read all the provisions together, what were they thinking when they said you have to pay this money within two weeks? Your Honor. They were thinking that a breach of contract, you pay the money, pay the money first and talk later. Forget about the courts. We're not resolving these breach of contract actions anymore in the courts. We're going to order you to pay the money up front, plus 2%, plus attorney's fees and costs. That's really kind of what you're throwing out here. The 2%. That's what the legislature intended. Now, I don't know where we glean that when they've said, you know, pay them at least by two weeks for what they've already earned. And if there's, you said 21 days. It doesn't say that, Your Honor. The statute does not say that. The idea is that you're supposed to be paying them for something they've already, it's compensation owed. I mean, I think we're taking that. The statute specifically uses the language employment contract. Yes. It uses that language. Therefore, employment contracts fall within the purview of the Illinois Wage Payment Collection Act. I don't think there's any question about that. Yes, but that's not the issue. It's not whether employment contracts fall within. It's whether the intent was to compensate for damages because someone breached a contract. And whether those damages are really the same as wages earned. Your Honor, if they didn't want to include damages for breach of an employment contract, I think they would have left that language out. They removed a specific section of the statute that talked about compensation for labor or services rendered. What they have in there is wages owed under an employment contract or agreement. I think that the plain reading of the statute. Okay, well, here's where we depart, I think. And that is, is this compensation owed under an employment contract or is it truly damages for breaching that? And you're saying they're all the same thing. And I don't think under the law that damages for breach of a contract equal compensation owed. When you award damages, you're giving back something to make that person whole. But that doesn't make those, that doesn't mean that that's final compensation under the Wage Act or the Wage Act ever intended to do what you're suggesting because of the other provisions of it. Just on two points to that, to that comment, Your Honor, is that when the circuit court entered a judgment awarding the plaintiff $173,000, that, those are damages that were owed to my client as wages. And secondly. No, I think it was for the breach of contract. That's what the court found. It granted. The contract contemplated wages. It denied your Wage and Payment Act claim. But the contract itself contemplates only wages as damages. There's no other way to delineate them. This isn't for products not delivered. This is for an employment contract, which the only thing that the contract touches on were wages. And secondly, Your Honor. What you're forgetting is that in contract law, damages for breach of contract requires a calculation. And that calculation to ultimately come up with a damage award, that calculation isn't just wages. It's wages minus failure to mitigate. It's wages minus other employment. Right. So you have to do that calculation. And then you get a damage award. What you got was a damage award. You didn't get all the wages. You got a damage award. This statute is about wages. It's not about damages. The statute doesn't say that if there's an award of damages for a breach of  This says wages. What you got is something other than wages. You got damages. Respectfully, what is the difference between damages for salary and wages owed and wages? The difference is that the wages are the total amount demanded in the contract. However, under contract law, even when there's a written contract, implied in contract law and implied in written contract is the obligation to mitigate damages and the fact that your damages will be mitigated by other employment, other inconsistent employment. So, therefore, you didn't get wages. You got damages. Your Honor, there were taxes. Well, that's between you and the IRS. The fact of the matter is that if you've litigated wrongful termination cases, which I can see that you have, you know that it's not just wages. It's damages. And they're not the same thing because if it was just wages, you would have been awarded all four years. But you weren't awarded all four years. Well, I think that there's – And that's why I would submit that there's a difference between wages and damages. Your Honor, I would agree if our client was seeking something with the effect of compensatory damages for pain and suffering, which we know are not available under cases where it's a breach of contract. However, in this case, the only damages he had available were unpaid wages that were due and owing. I don't know that you can make a distinction between – and I think we're really splitting hairs at this point when you call it damages on one hand and wages due and owing. I mean, they're fundamentally the exact same thing. All he was seeking – Well, they're fundamentally different by about $200,000, aren't they? Your Honor, that being said, they could have bought out his contract. If they didn't feel as though he was performing, if they felt that they wanted to get rid of him cheaply, they could have possibly bought out his contract very early on. They decided not to do that. They decided to roll the dice and terminate him, and what happened was is that the court found that he was owed wages for a breach of contract. I don't see the difference, unfortunately, between damages for wages that he was unpaid – and I understand what you're saying about the failure to mitigate – damages for wages. And, again, I think that that goes to the point that we're not seeking additional wages. We're only seeking his attorney's fees and the interest that would have accrued on the wages they did find due and owing. That being said, Your Honor, I believe that's all I have. All right. Well, the case will be taken under advisement. It was well-argued, well-briefed by the parties today, and we will render a decision in the future. Thank you. Thank you.